IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:09-CR-167-D

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| WILBERT ROBERT SCHMIDT, | ) |
| | ) |
| Defendant. | ) |

On July 15, 2021, Wilbert Robert Schmidt ("Schmidt" or "defendant"), proceeding pro se, moved for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 69].[1] The government did not respond, and the time within which to do so has expired. As explained below, the court denies Schmidt's motion.

I.

On April 19, 2010, pursuant to a written plea agreement, Schmidt pleaded guilty to two counts of production of child pornography (counts two and three). See [D.E. 23, 40]; Rule 11 Tr. [D.E. 46] 15–31. On August 19, 2010, the court held Schmidt's sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)–(B); [D.E. 38, 40]; Sentencing Tr. [D.E. 44] 6. The court initially calculated Schmidt's total offense level to be 35, his criminal history category to be I, and his advisory guideline range to be 168 to 210 months' imprisonment. See Sentencing Tr. at 7. After considering the arguments of

---

[1] On July 15, 2021, the court appointed counsel to assist Schmidt with filing a memorandum in support of his motion for compassionate release [D.E. 70]. On November 1, 2021, the court granted counsel's motion to withdraw after Schmidt told counsel he did not want assistance. See [D.E. 72] ¶ 4; [D.E. 73].

counsel, the court granted the government's motion for an upward departure and recalculated Schmidt's offense level to be 39, his criminal history category to be IV, and his advisory guideline range to be 360 months to life imprisonment in light of the "extraordinary aggravating factors" in the case, including Schmidt's long and unrelenting history of sexually abusing children and producing child pornography. Id. at 7–29. After considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Schmidt to 240 months' imprisonment on count two and 180 months' consecutive imprisonment on count three, for a total of 420 months' imprisonment. See id. at 36–40; [D.E. 40]. Schmidt appealed [D.E. 37].

On June 6, 2011, the United States Court of Appeals for the Fourth Circuit affirmed this court's judgment. See United States v. Schmidt, 434 F. App'x 193, 193–95 (4th Cir. 2011) (per curiam) (unpublished). In doing so, the Fourth Circuit rejected Schmidt's arguments that this court erred in granting the government's motion for an upward departure, abused its discretion in upwardly departing, or imposed a procedurally or substantively unreasonable sentence. See id.

On March 4, 2019, Schmidt moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence [D.E. 52]. On July 13, 2020, the court granted the government's motion to dismiss, dismissed Schmidt's section 2255 motion, and denied a certificate of appealability [D.E. 67].

II.

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such

2

a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission (the "Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including: (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[2] Application note 2 states

---

[2] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

   (A) Medical Condition of the Defendant.—

       (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor

3

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or

---

        cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

   (ii) The defendant is—

      (I) suffering from a serious physical or medical condition,

      (II) suffering from a serious functional or cognitive impairment, or

      (III) experiencing deteriorating physical or mental health because of the aging process,

      that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

   (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

   (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

4

anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. High, 997 F.3d 181, 186 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330–31 (4th Cir.), cert. denied, 142 S. Ct. 383 (2021); United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020). Rather, "[section] 1B1.13 only applies when a request for compassionate release is made upon motion of the Director of the [BOP]." Kibble, 992 F.3d at 330–31. Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See High, 997 F.3d at 186; McCoy, 981 F.3d at 284. In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., McCoy, 981 F.3d at 280–84; United States v. Jones, 980 F.3d 1098, 1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d 1000, 1007–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

Schmidt asserts that he applied to the warden for compassionate release, and the warden denied his request. See [D.E. 69] 1. Moreover, the government has not invoked section 3582(c)(1)(A)'s exhaustion requirement. Thus, the court assumes Schmidt exhausted his

5

administrative remedies and addresses his motion on the merits. Cf. United States v. Muhammad, 16 F.4th 126, 130 (4th Cir. 2021).

Schmidt seeks compassionate release pursuant to section 3582(c)(1)(A) and cites the COVID-19 pandemic, his health conditions, and his age (i.e., 75). See [D.E. 69] 1–2. As for the medical condition of the defendant policy statement, the policy statement requires that the defendant be "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Schmidt has diabetes, hypertension, and is obese, and he argues these conditions put him at heightened risk of serious infection from COVID-19. See [D.E. 69] 1. But Schmidt does not argue that the BOP is not providing needed treatment for these conditions or that he is unable to manage these conditions while incarcerated. Moreover, Schmidt has not disclosed to the court whether he received a COVID-19 vaccine. Cf. United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."). Accordingly, reducing Schmidt's sentence does not comport with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

Schmidt also seeks compassionate release under the "age of the defendant" policy statement. The "age of the defendant" policy statement states that compassionate release may be warranted if "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. § 1B1.13 cmt. n.1(B). Schmidt is 75 years old and has served more than 10 years of his sentence. See [D.E. 69] 1–2. Because of Schmidt's age and time served, Schmidt meets the first and third requirements of the "age of the

6

defendant" policy statement. However, Schmidt does not plausibly argue that he is experiencing a serious deterioration in physical or mental health because of the aging process. Although Schmidt argues that "the onset of dementia is fast approaching," he does not argue that he actually has dementia or is experiencing other serious physical or mental decline. [D.E. 69] 2. Thus, reducing Schmidt's sentence does not comport with application note 1(B).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, Schmidt's health conditions, and his age together are compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). However, the wide availability of COVID-19 vaccines greatly diminishes the risk to Schmidt of COVID-19. See Broadfield, 5 F.4th at 803. Moreover, the section 3553(a) factors weigh heavily against reducing Schmidt's sentence. See High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32; United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8.

Schmidt is 75 years old and is incarcerated for two counts of production of child pornography. See PSR ¶¶ 1–6; [D.E. 40]. For nearly three decades, Schmidt molested and abused over 20 children between the ages of 6 and 16 years old and memorialized the victimization by producing more than 6,000 images of child pornography. See PSR ¶¶ 8–11. Some of Schmidt's victims were his own relatives, and Schmidt gave his victims alcohol to make them more vulnerable to him. See id. ¶¶ 9–10; Schmidt, 434 F. App'x at 194. Schmidt forced his victims to engage in "unusually heinous and degrading conduct." Schmidt, 434 F. App'x at 194; see Sentencing Tr. at 27. After he stopped sexually abusing children, Schmidt kept the child pornography he produced

7

for a decade until he was caught. See PSR ¶¶ 7–8; Sentencing Tr. at 27, 37. Schmidt's "astonishing and relentless record of abusing children" constitutes extraordinarily serious and horrific criminal conduct. Sentencing. Tr. at 38. Although Schmidt had no formal criminal record before being federally incarcerated, his decades-long, relentless sexual abuse of numerous children and his high-volume production of child pornography demonstrates his "long history of recidivism" and "reflects his manifest disrespect for the law." Schmidt, 434 F. App'x at 195.

Schmidt has not cited any positive rehabilitative efforts he has undertaken while incarcerated. Cf. [D.E. 69]. And although Schmidt has submitted no disciplinary data to the court, he asserts he has "a spotless conduct record." Id. at 1.

The court must balance Schmidt's "spotless conduct record" while federally incarcerated with his horrible criminal conduct, including his long history of violent child sexual abuse and high-volume production of child pornography, the need to punish him, the need to promote respect for the law, the need to protect society, and the need to deter others. Cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 187–91; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). The court also has considered Schmidt's potential exposure to COVID-19, his medical conditions, and his age. Having considered the entire record, the extensive steps that the BOP has taken to address COVID-19, the section 3553(a) factors, Schmidt's arguments, the need to punish Schmidt for his extraordinarily serious criminal conduct, to incapacitate Schmidt, to promote respect for the law, to deter others, and to protect society, the court denies Schmidt's motion for compassionate release. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); High, 997 F.3d at 187–91; Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per

8

curiam) (unpublished).

## III.

In sum, the court DENIES defendant's motion for compassionate release [D.E. 69].

SO ORDERED. This 28 day of March, 2022.

                                                                          *J. Dever*
                                                                   JAMES C. DEVER III
                                                                   United States District Judge